UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA                           :
*ex rel.* ARIEL BERSCHADSKY,
                                                   :      **CIVIL ACTION NO:**
                  Plaintiff-Relator,              23-CV-_____
                                                   :
-- vs. --
                                                   :
                                                          ***FILED IN CAMERA and***
NORTHERN LEASING SYSTEMS, INC.,                    :      ***UNDER SEAL pursuant to***
NLS EQUIPMENT FINANCE LLC,                                **31 U.S.C. § 3730(b)**
ARI J. COHEN, A/K/A JAY COHEN,                     :
A/K/A ARI JAY COHEN, LEONARD
MEZEI, ARIEL SCHACHTER, SARA                       :      **JURY TRIAL DEMANDED**
KRIEGER, LEASING EXPENSES                          :
COMPANY LLC, FIELDSTON CAPITAL,
LLC, JS VENTURES HOLDINGS                          :
LLC, JUNE 1, 2018 COHEN GST TRUST,
AND JUNE 1, 2018 MEZEI GST TRUST,                  :

                  Defendants.     :
------------------------------------------------------X

Plaintiff-Relator Ariel Berschadsky ("Relator") files this *qui tam* Complaint on behalf of the United States of America pursuant to the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* ("FCA"), for treble damages and civil penalties against Defendants Northern Leasing Systems, Inc., NLS Equipment Finance LLC, Ari J. Cohen, a/k/a/Jay Cohen, a/k/a Ari Jay Cohen, Leonard Mezei, Ariel Schachter, Sara Krieger, Leasing Expenses Company LLC, Fieldston Capital, LLC, JS Ventures Holdings, LLC, June 1, 2018 Cohen GST Trust, and June 1, 2018 Mezei GST Trust. The claims arise out of misrepresentations made by Defendants to obtain forgivable loans from the Paycheck Protection Program ("PPP") and to obtain forgiveness of such loans. In support of these claims, Relator alleges as follows:

I.   **THE PPP LOAN PROGRAM**

1.   The Coronavirus Aid, Relief, and Economic Security ("CARES") Act, which was enacted in March 2020, was designed to provide emergency financial assistance to millions of Americans suffering economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through the PPP. To obtain a PPP loan, a qualifying business must submit a PPP loan application, which is signed by an authorized representative of the business. The loan application requires the business—through its authorized representative—to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. A PPP loan application must be processed by a participating lender. If a loan application is approved, the participating lender funds the loan using its own money, which is 100% guaranteed by the SBA. If the loan is forgiven, the SBA pays the loan balance to the participating lender.

2.   In order to be eligible to receive a PPP loan, the PPP loan program required the applicant to certify that "The Applicant is not engaged in any activity that is illegal under federal, state or local law." Paycheck Protection Program Borrower Application Form, OMB Control No. 3245-0407 (Apr. 2, 2020), page 2, available at https://www.sba.gov/sites/sbagov/files/2022-02/PPP-Borrower-Application-Form-Fillable.pdf (last accessed August 9, 2023). In addition, at the time a PPP borrower applies for loan forgiveness, the forgiveness application form states that "SBA may direct a lender to disapprove the Borrower's loan forgiveness application if SBA determines that the Borrower was ineligible for the PPP loan." *See* Paycheck Protection Program PPP Loan Forgiveness Application Form 3508S Revised January 19, 2021 (for loans $150,000

2

or less); Paycheck Protection Program Loan Forgiveness Application Form 3508 Revised July 30, 2021 (for loans greater than $150,000).

3. Relator alleges that Defendants falsely certified or caused to be falsely certified that Northern Leasing Systems, Inc. and NLS Equipment Finance LLC were not engaged in "illegal activity" at the time that they applied for PPP loans when in fact they were engaged in illegal activity involving their equipment leasing businesses.

## II. THE PARTIES

### A. Plaintiff-Relator

4. Plaintiff-Relator Ariel Berschadsky is an individual citizen of the State of New York.

### B. Defendants

5. Defendant Northern Leasing Systems, Inc. ("Northern Leasing"), is a New York corporation, with an office at 28 Liberty Street, NY, NY 10005 and principal executive offices at 132 West 31st Street, 14th Floor, NY, NY 10001.

6. NLS Equipment Finance LLC ("NLS Equipment"), a Delaware Limited Liability Corporation and an affiliate of Northern Leasing, is located at 1333 Burr Ridge Pkwy Ste 200, Burr Ridge, IL 60527-0833.

7. Defendant Ari J. Cohen, a/k/a Jay Cohen, a/k/a Ari Jay Cohen ("Cohen") is the founder and CEO of Northern Leasing and its affiliates. The New York Department of State, Division of Corporations lists Cohen's address as 132 West 31st Street, 14th Floor, NY, NY 10001. Cohen also maintains a residence at 9 Sterling Place, Lawrence, NY 11559.

8. Defendant Leonard Mezei ("Mezei") was the founding financer behind Northern Leasing and the principal investor (along with Cohen) in Northern Leasing and its affiliates. Mezei resides at 4666 Grosvenor Avenue, Bronx, NY 10471.

9. Defendant Ariel Schachter ("Schachter") was an officer of Northern Leasing until June 2020. After June 2020, Schachter was an officer of NLS Equipment. Schachter resides at 250 West 90th Street, Apt. 10C, NY, NY 10024.

10. Defendant Sara Krieger ("Krieger") served as an officer of Northern Leasing and Lease Finance Group, LLC until June 2020. NLS Equipment's website lists Krieger as its Vice President of Operations. Krieger's business address is 1333 Burr Ridge Parkway, Suite 200, Burr Ridge IL 60527-0833.

11. Defendant Leasing Expenses Company LLC ("Leasing Expenses Company") is a Delaware limited liability company formed on June 20, 2019 and an alter ego of Northern Leasing and NLS Equipment Finance. Leasing Expenses Company's address is 250 West 90th Street, Apt. 10C, NY, NY 10024.

12. Defendant Fieldston Capital, LLC ("Fieldston Capital") is a limited liability company located at 207 West 25th Street, Fl. 19, NY, NY 10001. Public records list Mezei as a manager of Fieldston Capital.

13. Defendant JS Ventures Holdings LLC ("JS Ventures") is a Delaware limited liability company located at 525 Washington Blvd., 15th Floor, Jersey City, NJ 07310. Cohen was the manager of JS Ventures when it was formed.

14. Defendant June 1, 2018 Cohen GST Trust ("Cohen Family Trust") was created for the benefit of Cohen's offspring. The Cohen Family Trust is a 50% owner of NLS Equipment Finance LLC.

15. Defendant June 1, 2018 Mezei GST Trust ("Mezei Family Trust") was created for the benefit of Mezei's offspring. The Mezei Family Trust is a 50% owner of NLS Equipment Finance LLC.

### III.     JURISDICTION AND VENUE

16. The Court has subject matter jurisdiction over this case pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. §§ 1331.

17. Venue is proper in this judicial district pursuant to 31 U.S.C. § 3732(a) or 28 U.S.C. § 1391(b).

18. This Court has personal jurisdiction over Defendants under 31 U.S.C. § 3732(a) because Defendants transacted business and submitted false or fraudulent claims directly or indirectly to the United States Government (the "Government") in this judicial district.

19. Relator has direct and independent knowledge on which the allegations are based, is an original source of this information to the United States and has voluntarily provided the information to the United States before filing this action based on the information. This suit is not based on prior public disclosures of allegations or transactions concerning false claims to the PPP program by Defendants in a Federal criminal, civil or administrative hearing or lawsuit in which the Government or its agent is a party, or in a Congressional, Governmental Accountability Office, or other Federal report, hearing, audit or investigation, or from the news media. To the extent that there has been any public disclosure unknown to Relator, he is an original source under 31 U.S.C. § 3730(e)(4).

## IV. THE FALSE CLAIMS ACT ("FCA")

20. The False Claims Act prohibits the submission of false or fraudulent claims and false statements in order to obtain or keep federal money. It provides, in pertinent part:

> (1) In general. — Subject to paragraph (2), any person who—
>
> (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
>
> (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;
>
> C) conspires to commit a violation of subparagraph (A), (B), . . . or (G);
>
> \*\*\*
> or
>
> (G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government,
>
> \* \* \*
>
> is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 . . ., plus 3 times the amount of damages which the Government sustains because of the act of that person.

31 U.S.C. § 3729(a)(1).

21. Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended by the Debt Collection Improvement Act of 1996, 28 U.S.C. § 2461 (notes), the amounts for civil penalties were adjusted from $5,500 to $11,000 for violations occurring on or before July 31, 2016, to $11,181 to $22,363 for violations occurring on or after January 1, 2018.

## VI. DEFENDANTS' CONDUCT IN VIOLATION OF THE FCA

22. Northern Leasing obtained a PPP Loan on May 1, 2020, in the amount of $1,400,000. The loan was forgiven on August 26, 2021.

6

23. Northern Leasing obtained a second PPP Loan on April 22, 2021, in the amount of $100,000. That loan was forgiven on August 18, 2022.

24. NLS Equipment obtained a PPP Loan on May 7, 2020, in the amount of $72,600. That loan was forgiven on August 31, 2021. NLS obtained the loan from Metropolitan Commercial Bank, a New York banking corporation located at 99 Park Avenue, NY, NY 10016.

25. The three loans described above are hereinafter sometimes referred to collectively as the "PPP Loans."

26. When defendants Northern Leasing and NLS Equipment obtained their PPP Loans and later obtained forgiveness of those loans, they were engaged in illegal conduct in violation of the express representations they made in order to obtain the PPP Loans and the forgiveness of those loans.

27. Northern Leasing and NLS Equipment are in the business of leasing business machines to small enterprises. For many years before Northern Leasing and NLS Equipment applied for and obtained the PPP Loans, the companies were engaged in persistent fraud and illegality in conducting their businesses.

28. At all times relevant, Northern Leasing and NLS Equipment and their principals, Cohen, Mezei, Schachter and Krieger, were knowingly engaged in fraudulent activity in violation of New York State law. The fraudulent conduct and the responsible persons are set forth in the Decision and Order of the Supreme Court of the State of New York, Appellate Division, First Department, in the case of *People v. Leasing Expenses Company LLC*, Case No. 2021-01114 (1st Dep't Nov. 18, 2021), filed as *Remittitur*, NYSCEF Doc. No. 186, *People v. Leasing Expenses Company LLC*, Index No. 45237/2020 (Sup. Ct. N.Y. Co. Dec. 2, 2021).

29. On April 11, 2016 -- over four years before obtaining their PPP Loans -- the New York Attorney General sued Northern Leasing and its affiliates, including Cohen, for committing pervasive fraud in connection with Northern Leasing's equipment leasing operations. *People of the State of New York v. Northern Leasing Systems Inc., et al.*, Index No. 450460/2016 (N.Y. County Supreme Court).

30. The lawsuit culminated with an injunction issued on May 29, 2020, by the New York County Supreme Court. *See State of New York v. N. Leasing Sys., Inc.*, 70 Misc. 3d 256, 133 N.Y.S.3d 389 (N.Y. Co. Sup. Ct. 2020), *aff'd*, 193 A.D.3d 67, 142 N.Y.S.3d 36 (1st Dep't 2021). In that case, the court held that defendant Northern Leasing and its affiliates had committed fraud under N.Y. Executive Law § 63(12) (defendant engages in repeated fraudulent or illegal acts or otherwise demonstrates persistent fraud or illegality in conducting business) and N.Y. Business Corporation Law § 1101(a)(2) (corporation conducts business in persistently fraudulent or illegal manner). 133 N.Y.S.3d at 279. Among other relief, the court permanently enjoined Northern Leasing and Cohen and their affiliated defendants from conducting the business of equipment finance leasing or collection of debts under equipment finance leases and from purchasing, financing, transferring, servicing, or enforcing equipment finance leases. *Id.*, N.Y.S.3d at 280. The Supreme Court's order was affirmed by the New York State Supreme Court, Appellate Division, First Department in February 2021. *See id.,* 193 A.D.3d 67, 142 N.Y.S.3d 36 (1st Dep't 2021).

31. When Northern Leasing applied for and obtained its PPP Loan in the amount of $1,400,000 in May 2020, it was engaging in fraudulent and illegal business activity and thereby falsely certified in its PPP Loan application that "it is not engaged in any activity that is illegal under federal, state or local law."

32.  Notwithstanding the rebuke issued by the New York County Supreme Court in May 2020, on November 23, 2020, the N.Y. Attorney General was compelled to bring another proceeding against several entities and individuals related to Northern Leasing, including Cohen and NLS Equipment. *People of the State of New York v. Leasing Expenses Company LLC, NLS Equipment Finance LLC, Leonard Mezei, Ariel Schachter, Sara Krieger, Jay Cohen, Unknown Jay Cohen Family Trust, et al.,* Index No. 452357/2020 (N.Y. Co. Supreme Court.). The N.Y. Attorney General filed the new petition to

> enjoin Respondents from attempting to enforce fraudulent equipment finance leases that were rescinded by a Decision and Order of this Court in People v. Northern Leasing Systems, Inc., Index No. 450460/2016 (NYSCEF Doc. No. 941) (hereinafter "Northern Leasing Decision and Order"). Although the Northern Leasing Decision and Order was filed on June 8, 2020, the Respondents are continuing to enforce rescinded leases, resulting in fraudulent collections of potentially hundreds of thousands of dollars every month.

Verified Petition, ¶ 1, *People v. Leasing Expenses Company*, Index No. 452357/2020, NYSCEF Doc. No. 1).

33.  On February 26, 2021, the New York Supreme Court issued an order granting the Attorney General the requested relief. Decision + Order on Motion, *People v. Leasing Expenses Company*, Index No. 452357/2020, NYSCEF Doc. No. 125) (Feb. 26, 2021). In that order, Judge Arthur Engoron held that the Attorney General had established that "[Leasing Expenses Company] and [NLS Equipment] are "alter egos" of Northern Leasing; share "owners, officers, directors and personnel" and "telephone numbers and other contact information with Northern Leasing; commingle funds with each other; and, apparently, direct lease proceeds to the owners of Northern Leasing." *Id.* at 1 and 3. The Supreme Court also noted that the creation of the Cohen and Mezei Family trusts to own NLS Equipment did not insulate Cohen and Mezei for liability for continuing the fraudulent scheme through alter egos. *Id.* at 2. The court further held:

9

"NLS [Equipment] originated leases as part of the Northern Leasing respondents' fraudulent scheme prior to the Prior Proceeding's Decision and Order, and they have continued engaging in fraudulent leasing practices since that time." *Id.* at 3, *aff'd*, Decision & Order, Case No. 2021-01114 (1st Dep't Nov. 18, 2021), *filed as Remittitur,* NYSCEF Doc. No. 186, *People v. Leasing Expenses Company LLC*, Index No. 45237/2020 (Sup. Ct. N.Y. Co. Dec. 2, 2021). *See also People v. Leasing Expenses Company*, 73 Misc.3d 1207(A), 153 N.Y.S.3d 781 (Table), 2021 WL 4736817 (Billings, J.) (July 30, 2021) (the March 16, 2021 Supreme Court order "permanently enjoined respondents and entities respondents owned, operated, controlled, or created from conducting the business of equipment finance leasing, collecting debts under equipment finance leases, and purchasing, financing, transferring, servicing, or enforcing equipment finance leases.").

34. Based on the foregoing, when Northern Leasing obtained a second PPP Loan in the amount of $100,000 on April 22, 2021, it was engaged in illegal activity rendering false its representation in its PPL Loan application that it was not engaged in any illegal activity. Likewise, when NLS Equipment obtained a PPP Loan of $72,600 on May 7, 2020, it too was engaged in illegal activity rendering false its representation in its PPP Loan application that it was not engaged in any illegal activity.

35. Based on the foregoing, when Northern Leasing received forgiveness for its two PPP Loans it was not eligible to do so because it was engaged in illegal activity when it applied for those loans and when it applied for forgiveness of its PPP Loans. Likewise, when NLS Equipment received forgiveness of its PPP Loan it was not eligible to do so because it was engaged in illegal activity when it applied for its PPP Loan and when it applied for forgiveness of its PPP Loan.

## COUNT I

## VIOLATION OF THE FALSE CLAIMS ACT – 31 U.S.C. § 3729(a)(1)(A)

36. Relator incorporates by reference and re-alleges all paragraphs of this Complaint set forth above as if fully set forth herein.

37. Defendants knowingly presented, or caused to be presented, false and fraudulent claims for payment or approval to the United States, i.e., the foregoing false and fraudulent claims for loans and forgiveness of loans from the PPP program, in violation of 31 U.S.C. § 3729(a)(1)(A).

38. Said false and fraudulent claims were presented with Defendants' actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether or not they were false.

39. The United States relied on these false and fraudulent claims, was ignorant of the truth regarding these claims, and would not have paid for these false and fraudulent claims had it known the falsity of said claims.

40. As a direct and proximate result of the false and fraudulent claims made by Defendant, the United States has suffered damages and therefore is entitled to recovery as provided by the False Claims Act in an amount to be determined at trial, plus civil penalties up to the maximum permitted by law for each such violation of the False Claims Act.

WHEREFORE, Relator requests that judgment be entered against Defendants in favor of the United States for treble the amount of the United States' damages to be determined at trial, and all allowable civil penalties, fees, interest and costs under the False Claims Act and for all other and further relief as the Court may deem just and equitable; and awards to Relator the

maximum amount permitted by the False Claims Act under 31 U.S.C. § 3730(d)(1) or (2), plus reasonable expenses incurred and reasonable attorneys' fees and costs.

## COUNT II

## VIOLATION OF THE FALSE CLAIMS ACT – 31 U.S.C. § 3729(a)(1)(B)

41. Relator incorporates by reference and re-alleges all paragraphs of this Complaint set forth above as if fully set forth herein.

42. Defendants knowingly made, used, or caused to be made or used, false records or false statements material to the foregoing false or fraudulent claims to get the false or fraudulent claims paid and approved by the United States, in violation of 31 U.S.C. § 3729(a)(1)(B).

43. Defendants' knowingly false records or false statements were material to the false and fraudulent claims for payments they made to the United States.

44. The materially false records or false statements that Defendant made or caused to be made are set forth above and include, certifications of compliance with the regulations of the PPP program.

45. These false records or false statements were made, used, or caused to be made or used with Defendants' actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether or not they were false.

46. As a direct and proximate result of these materially false records or false statements, and the related false or fraudulent claims made by Defendants, the United States has suffered damages and therefore is entitled to recovery as provided by the False Claims Act in an amount to be determined at trial, plus civil penalties up to the maximum permitted by law for each such violation of the False Claims Act.

WHEREFORE, Relator requests that judgment be entered against Defendants for treble the amount of the United States' damages to be determined at trial, and all allowable civil penalties, fees, interest and costs under the False Claims Act and for all other and further relief as the Court may deem just and equitable; and award to Relator the maximum amount permitted by the False Claims Act under 31 U.S.C. § 3730(d)(1) or (2), plus reasonable expenses incurred and reasonable attorneys' fees and costs.

## COUNT III

### VIOLATION OF THE FALSE CLAIMS ACT: 31 U.S.C. § 3729(a)(1)(G)

47. Relator incorporates by reference and re-alleges all paragraphs of this Complaint set forth above as if fully set forth herein.

48. By virtue of the acts described above, Defendants knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Government, in violation of 31 U.S.C. § 3729(a)(1)(G). Defendants were aware that they had received PPP Loans, did not repay them, and instead applied for and received forgiveness for those loans.

49. The United States, unaware that Defendants were knowingly concealing or knowingly seeking to avoid or decrease their obligation to pay or transmit money or property to the Government, did not collect from Defendants monies that it would have collected but for Defendants' unlawful conduct.

50. Defendants have damaged, and continue to damage, the United States in a substantial amount to be determined at trial.

WHEREFORE, Relator requests that judgment be entered against Defendants in favor of the United States for treble the amount of the United States' damages to be determined at trial,

and all allowable civil penalties, fees, interest and costs under the False Claims Act and for all other and further relief as the Court may deem just and equitable; and award to Relator the maximum amount permitted by the False Claims Act under 31 U.S.C. § 3730(d)(1) or (2), plus reasonable expenses incurred, reasonable attorneys' fees and costs.

## COUNT IV

### VIOLATION OF THE FALSE CLAIMS ACT: 31 U.S.C. § 3729(a)(1)(C)

51. Relator incorporates by reference and re-alleges all paragraphs of this Complaint set forth above as if fully set forth herein.

52. By virtue of the acts described above, Defendants conspired to receive the PPP Loans and obtain forgiveness of the PPP Loans in violation of 31 U.S.C. § 3729(a)(1)(C). Defendants conspired to use false statements and records to receive the PPP Loans and conspired to use false statements and records to obtain forgiveness of the PPP Loans and thereby avoid having to repay the PPP Loans.

53. The United States, as a result of Defendants' conspiracy, has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

WHEREFORE, Relator requests that judgment be entered against Defendants in favor of the United States for treble the amount of the United States' damages to be determined at trial, and all allowable civil penalties, fees, interest and costs under the False Claims Act and for all other and further relief as the Court may deem just and equitable; and award to Relator the

maximum amount permitted by the False Claims Act under 31 U.S.C. § 3730(d)(1) or (2), plus reasonable expenses incurred, reasonable attorneys' fees and costs.

Dated: September 6, 2023

                    **MENZ BONNER KOMAR & KOENIGSBERG LLP**

By: _____
      David A. Koenigsberg
      800 Westchester Avenue, Suite 641-N
      Rye Brook, New York 10573
      Tel: (914) 949-0222
      Email: dkoenigsberg@mbkklaw.com

      *Attorneys for Relator*